**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CALVIN JONES, | : |
| Plaintiff, | :   Civil No. 11-15 (RMB) |
| v. | : |
|  | :   **OPINION** |
| ARAMARK FOOD SERVICES, et al., | : |
| Defendants. | : |

**APPEARANCES:**

    CALVIN JONES, Plaintiff <u>pro</u> <u>se</u>
    # 1073229C/662808
    Southern State Correctional Facility
    4295 Route 47
    Delmont, New Jersey 08314

**BUMB**, District Judge

    Plaintiff, Calvin Jones, a state inmate confined at the Southern State Correctional Facility in Delmont, New Jersey, at the time he submitted the above-captioned Complaint for filing, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>.  Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether the

Complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint will proceed in part.

## I.   BACKGROUND

Plaintiff, Calvin Jones ("Jones"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Aramark Food Services; a John Doe defendant, employee of the Aramark Food Service; and the Salem County Correctional Facility. (Complaint, Caption and ¶¶ 4.B through 4.D).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Jones alleges that, on May 20, 2010, he was working in the kitchen area of the Salem County Correctional Facility.  He states that he was an inmate hired and paid to work in the kitchen area at Salem County Correctional Facility to assist in the preparation and cooking of meals at that facility.  On May 20, 2010, a defendant employee of Aramark Food Services demanded that plaintiff assist in the service of food trays.  Jones alleges that he was told if he did not do as directed he would be disciplined for refusal to work.  Jones asserts that the defendant employee was "negligent as he acted with an intentional and misguiding authority" as defendant "was well aware that this

service line would not have been approved for operation by O.S.H.A." Jones states that the defendant was "unprofessional and reckless." (Compl., ¶ 6).

Jones further alleges that he was forced to work the service line and stainless steel steam table that was faulty and defective; namely, there was defective wiring on the service line owned and operated by defendant Aramark Food Services. In performing his duties as directed, plaintiff came into contact with the faulty wiring and was electrocuted. (Compl., ¶¶ 4B and 6).

Jones also alleges that defendant Salem County Correctional Facility was negligent and "indifferent to human life" by "forcing" plaintiff to work near the service line and supplying plaintiff with inadequate shoes. Specifically, Jones alleges that the shoes became split on the bottom, which caused plaintiff's sole of his foot to come in contact with water. Jones also contends that Salem County Correctional Facility was aware of the defective wiring before plaintiff's accident, and that an air conditioning cord was placed on the defective service line. Jones does admit that "Do No Use" signs were posted on the service line. The sign or notice contained the warning that contact "may cause death." (Compl., ¶ 6).

Jones states that he was electrocuted when he came into contact with the service line, and that he was taken to the hospital for treatment due to an elevated heart rate. Plaintiff

3

continues to suffer from headaches, back pain, numbness and twitching in his leg, momentary vision loss, nightmares, fear of electrical equipment, and erectile dysfunction. (Compl., ¶ 6).

Jones seeks monetary damages in excess 0f $1.5 million. (Compl., ¶ 7).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all

4

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during

5

detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

III. <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. <u>ANALYSIS</u>

Preliminarily, to the extent that plaintiff is proceeding under § 1983, as alleged, the Salem County Correctional Facility must be dismissed under such action because it is not a "person" subject to liability under § 1983. See <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(correctional facility is not a person under § 1983).; <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271, 274 (D.C. Pa. 1976).

Further, the allegations in the Complaint as against all of the defendants, including Aramark, sound in common law negligence and therefore, do not rise to the level of a constitutional violation sufficient to bring this matter under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Schwartz v. County of Montgomery, 843 F. Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (mere negligence insufficient to support a § 1983 action for violation of the Eighth or Fourteenth Amendments). Accordingly, the negligence claims would be subject to dismissal for failure to state a claim upon which relief may be granted unless the Court determines that supplemental jurisdiction should be exercised over the state law claims pursuant to 28 U.S.C. § 1367(a).

Construing the allegations of the Complaint liberally for the pro se litigant, as this Court is required to do at this preliminary stage on sua sponte screening, it appears that Jones may be asserting, as against the defendants Aramark and the Aramark employee, a failure to protect claim in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, Id. at 837. "A pervasive risk of harm may not

ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm. Farmer, 511 U.S. at 834.

    Here, Jones alleges that defendants, Aramark and its employee knew of the risk from the service line, failed to correct it, and intentionally made plaintiff work in the area of the service line despite knowledge of its danger. These allegations, if true, may be sufficient, at this early screening stage, to withstand dismissal because the allegations tend to show that defendants knew, and indeed, willfully exposed Jones to a plain risk of serious harm from the faulty service line, and further, that defendants did nothing to prevent or alleviate plaintiff's exposure to such potential harm. See Farmer, 511 U.S. at 842; Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir. 1996); accord Hamilton v. Leavy, 117 F.3d 742, 747-48 (3d Cir. 1997); Ingalls v. Florio, 968 F. Supp. 193, 199-200 (D.N.J. 1997).

Accordingly, plaintiff's Eighth Amendment failure to protect claim will be allowed to proceed as against defendants Aramark and its employee.[3]

Finally, because the Eighth Amendment claim is proceeding at this time as against Aramark and its employee, who were allegedly acting under color of state law, this Court will exercise

---

[3] The Complaint appears to allege facts that Aramark and its employee may have been acting under color of state law, as required to state a § 1983 claim. Namely, Jones alleges that Aramark is contracted with the Salem County Jail to provide food preparation services for the inmate population at the jail facility, that Aramark owned and operated the food service line, and that the Aramark employee has authority to compel plaintiff to work or face disciplinary action. Private parties may be liable under § 1983 only when they have acted under color of law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)). The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains. Mark, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'" Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.

supplemental jurisdiction over plaintiff's state law negligence claims against all of the named defendants, pursuant to 28 U.S.C. § 1367(a).

## IV. CONCLUSION

For the reasons set forth above, plaintiff's § 1983 claim against defendant Salem County Correctional Facility will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1), for failure to state a claim upon which relief may be granted.  However, plaintiff's § 1983 claim against defendants, Aramark Food Services and John Doe employee of Aramark, asserting an Eighth Amendment failure to protect violation, will be allowed to proceed at this time. Finally, the Court will exercise supplemental jurisdiction over plaintiff's common law negligence claims as against all named defendants at this time, pursuant to 28 U.S.C. § 1367(a).  An appropriate order follows.

```
                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge
Dated: July 27, 2011
```